IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELENA UNDERWOOD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 03-1475 |
| ) | |
| BEAVER COUNTY CHILDREN AND ) | Hon. Thomas M. Hardiman |
| YOUTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Selena Underwood (Underwood), on her own behalf and on behalf of her minor children, William Underwood and Na'Dayja Underwood Carter, filed an eighteen count Amended Complaint against Beaver County Children and Youth Services (BCCYS) and several of its employees in their official and individual capacities (collectively the BCCYS Defendants). Plaintiff Underwood filed a motion for summary adjudication and Defendants moved for summary judgment. For the reasons that follow, the Court denied Plaintiff's motion and granted in part and denied in part Defendants' motion.

## I. DISCUSSION

*A. Section 1983 Claims*

In Counts One through Six of her Amended Complaint, Underwood sets forth claims under 42 U.S.C. §1983 alleging substantive and procedural due process violations of the Fourth and Fourteenth Amendments. Underwood's claims relate to the BCCYS Defendants' investigation, preparation, initiation and prosecution of the dependency cases of her children,

William and Na'Dayja. This Court has already ruled that the Defendants are entitled to absolute immunity for their activities in "preparing for, initiating and prosecuting dependency cases." *See* January 20, 2004 Order at 1 (citing *Ernst v. Child and Youth Services of Chester County*, 108 F.3d 486 (3d Cir. 1997)). However, absolute immunity does not apply to "investigative or administrative actions taken . . . outside the context of a judicial proceeding," *id.* at 497 n.7, and caseworkers may be liable for conduct "during the investigative phase of a child custody proceeding," *Miller v. City of Philadelphia*, 174 F.3d 368, 376 n.6 (3d Cir. 1999), or for certain actions taken after a judicial proceeding. *Wilson v. Rackmill*, 878 F.2d 772, 775-76 (3d Cir. 1989).

Whether Defendants violated Underwood's procedural due process rights is a question that the Court cannot resolve at the summary judgment stage. There are a significant number of material facts in dispute such that the Court cannot determine whether the BCCYS Defendants' seizure of William and Na'Dayja violated any constitutionally protected procedural right. Whether BCCYS complied with statutory mandates and constitutional procedural protections and whether reasonable grounds existed to permit the BCCYS Defendants to separate William and/or Na'Dayja from Underwood are issues that must be resolved at trial.

Likewise, as to the substantive due process claims, viewing the record in the light most favorable to Underwood at the summary judgment stage as this Court must, material factual disputes require that Defendants' motion be denied. However, the Court notes that Underwood's burden on this claim is significant and she must adduce evidence at trial which "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). In *Lewis*, the Supreme Court found that "the core of the concept" of due process is "protection against arbitrary action" and

that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id.* at 845-46; *see also Brown v. Com. Dept. of Health Emer. Med. Servs. Training Inst.*, 318 F.3d 473, 479-80 (3d Cir. 2003). "[T]he measure of what is conscience-shocking is no calibrated yard stick," and "[d]eliberate indifference that shocks in one environment may not be so patently egregious in another." *Lewis*, 523 U.S. at 847, 850. Whether BCCYS, Hubbard or Bond engaged in conduct that would "shock the conscience" is a matter which must be resolved by the jury.

### B. Immunity of Individual Defendants

Underwood's claims against Defendants Bucci, Colonna, Reese, Socci and Truesh must be dismissed because these defendants are immune from suit. Qualified immunity shields a government official from liability so long as he "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Sterling v. Borough of Minersville*, 232 F.3d 190, 193 (3d Cir. 2000) (a protected right is clearly established if "its outlines are sufficiently clear that a reasonable officer would understand that his actions violate the right").

Furthermore, the Supreme Court in *Davis v. Scherer*, 468 U.S. 183, 194 (1984), held that "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." Qualified immunity will only be lost if the facts available to the officer are "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Orsatti*, 71 F.3d at 483 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Because such record evidence is lacking as to these Defendants, the claims against Bucci, Colonna, Reese, Socci and Truesh must be dismissed. As noted above,

3

however, Underwood's claims against Defendants Hubbard and Bond shall proceed to trial.

C. *Equal Protection Claim*

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim can be brought by a "class of one," a plaintiff alleging that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, Underwood's evidence on this claim is insufficient in that she has failed to show that she has been treated differently from others similarly situated. Accordingly, her bare assertion that her equal protection right was violated is insufficient to overcome Defendants' motion.

D. *Pennsylvania Constitution Claims*

Pennsylvania law does not include a statutory equivalent to 42 U.S.C. §1983, which provides a cause of action for damages because of a federal constitutional violation. Moreover, the question of whether the Pennsylvania Constitution provides a cause of action for damages is uncertain. The great majority of our sister courts that have decided the issue have concluded that

4

money damages are not available.[1] Furthermore, "[a]lthough the Pennsylvania Constitution has been said to provide for an action for injunctive relief to enforce its equal rights provisions, there has been no such holding as to an action for damages." *Kaucher v. County of Bucks*, 2005 WL 283628 at *11 (E.D. Pa. Feb. 7, 2005) (citations omitted). In *Kaucher*, the court noted a significant difference between actions for injunctive relief and damages actions. *Id.* (citing *Mulgrew v. Fumo*, 2004 WL 1699368, at *2-4 (E.D. Pa. July 29, 2004)). Because the Court finds the foregoing authorities persuasive, the Court granted judgment for the Defendants on Underwood's claims brought pursuant to the Pennsylvania Constitution (Counts 8 through 10).

### E. Pennsylvania Political Subdivision Tort Claims Act Immunity

BCCYS argues that it is immune from suit under the Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"). Because the PPSTCA cannot immunize individuals or entities against federal claims, *see Wade v. City of Pittsburgh*, 765 F.2d 405, 407 (3d Cir. 1985)

---

[1] The court in *Ryan v. General Machine Products*, 277 F. Supp.2d 585, 595 (E.D. Pa. 2003) stated that "[t]he Supreme Court of Pennsylvania has not ruled on the issue of whether there is a private cause of action for damages under the state constitution, and the federal courts in this Circuit that have considered the issue have concluded that there is no such right under the Pennsylvania Constitution." *See also Douris v. Schweiker*, 229 F. Supp.2d 391, 405 (E.D. Pa. 2002) (citing *Kelleher v. City of Reading*, 2001 WL 1132401, at *2-3 (E.D. Pa. Sept.24, 2001) (citing *Dooley v. City of Philadelphia*, 153 F. Supp.2d 628, 663 (E.D. Pa. 2001)); *Sabatini v. Reinstein*, 1999 WL 636667, at *3 (E.D. Pa. Aug.20, 1999); *Holder v. City of Allentown*, 1994 WL 236546, *3 (E.D. Pa. May 19, 1994); *Lees v. West Greene Sch. Dist.*, 632 F. Supp. 1327, 1335 (W.D. Pa. 1986); *Pendrell v. Chatham Coll.*, 386 F. Supp. 341, 344 (W.D. Pa. 1974)).

*See also Alvarez v. City of Phila.*, 2003 WL 22595204, at *2- 3 (E.D. Pa. 2003) (refusing to recognize claim for damages under the Pennsylvania Constitution, stating "Plaintiffs did not supply any authority whatsoever to support their argument or to contradict Defendant's argument" that there is no constitutional cause of action.); *Dooley v. City of Phila.*, 153 F. Supp.2d 628, 663 (E.D. Pa. 2001) (the "Supreme Court of Pennsylvania has not decided whether a private cause of action exists under Article I, Section 7 of the Pennsylvania Constitution."); *Sabatini v. Reinstein*, 1999 WL 636667, at *3, 1999 U.S. Dist. 12820, at *6 (E.D. Pa. 1999) (acknowledging Pennsylvania's "courts have not decided whether a private cause of action exists under sections 7 and 20 of the Pennsylvania Constitution"); *Lees v. West Greene School District*, 632 F. Supp. 1327, 1335 (W.D. Pa. 1986) (stating "We have found no Pennsylvania case law or statute which implies a private right of action under the state Constitution."); *Pendrell v. Chatham College*, 386 F. Supp. 341, 343-344 (W.D. Pa. 1986) (rejecting Article I, Section 7 claim, noting that plaintiff could cite "no Pennsylvania case law which implies such a cause of action from this section of the state Constitution.")

(Supremacy Clause prevents PPSTCA from granting immunity from federal claims), Underwood's section 1983 claims must proceed against BCCYS. Likewise, Underwood's state law claims may proceed. Section 8550 of the PPSTCA specifically states that where a municipal employee's actions amount to crime, actual fraud, actual malice or willful misconduct, the agency and/or employee will lose the immunity protection provided by Section 8545 of the PPSTCA. *See* 42 Pa.C.S. §8550; *Wade v. City of Pittsburgh*, 765 F.2d 405, 411-12 (3d Cir. 1985). Viewing the record evidence in the light most favorable to Underwood, the Court cannot say that her state law claims against BCCYS, Hubbard and Bond are barred at this stage. The jury must decide whether the individual Defendants acted with actual malice or committed "willful misconduct"[2] as contemplated by section 8550, such that they would lose their immunity under the PPSTCA. *See Owens v. City of Philadelphia*, 6 F. Supp.2d 373, 394 (E.D. Pa. 1998).

F. *Intentional Infliction of Emotional Distress*

At oral argument, Underwood conceded her claim for intentional infliction of emotional distress (Count 12).

G. *Wrongful Use of Civil Proceedings*

Because the underlying proceedings concerning William Underwood did not terminate in Plaintiff's favor, her wrongful use of civil proceedings claim in Count 14 is limited to allegations concerning Na'Dayja Underwood Carter.

---

[2] The Pennsylvania Supreme Court has interpreted section 8550's "willful misconduct" to mean "misconduct which the perpetrator recognized as misconduct and which was carried out with the intention of achieving exactly that wrongful purpose." *See In Re City of Philadelphia Litig.*, 938 F. Supp. 1264, 1273 (E.D. Pa. 1996) (quoting *Renk v. City of Pittsburgh*, 641 A.2d 289, 294 (1994)). Mere negligent acts cannot constitute willful misconduct. *See, e.g., Weinstein v. Bullick*, 827 F. Supp. 1193 (E.D. Pa. 1993).

*H. Assault*

Because the record is devoid of any evidence to support a claim of assault against unidentified police officers, Count 17 was dismissed.

*I. Punitive Damages*

Punitive damages claims cannot constitute a separate cause of action. *Waltman v. Fahnestock & Co., Inc.*, 792 F. Supp. 31, 33 (E.D. Pa. 1992), *aff'd* 989 F.2d 490 (3d Cir. 1993); *Nix v. Temple University*, 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991). Accordingly, Count 18 was dismissed. In addition, Underwood's punitive damage claim in her prayer for relief against BCCYS, a municipal government entity, cannot stand. *Newport v. Fact Concerts*, 453 U.S. 247 (1981).

Dated: October 7th, 2005

BY THE COURT:

_____
Thomas M. Hardiman
United States District Judge

cc: Counsel of record